**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2481
_____

LAN TU TRINH,
                                        Appellant

v.


UNITED STATES DEPARTMENT OF EDUCATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 18-cv-01668)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 13, 2019
Before:  JORDAN, BIBAS, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 15, 2019)
_____

OPINION*
_____

PER CURIAM

Lan Tu Trinh appeals from an order of the United States District Court for the

Eastern District of Pennsylvania, which dismissed her complaint and granted summary

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment to the United States Department of Education ("DOE").  We will affirm the District Court's judgment.

Trinh operated the LT International Beauty School with her sister until a court-ordered dissolution of the school in 2017.  Trinh's sister then apparently took over the property and started her own beauty school, KAT Beauty School.  Dkt. #9.  In her complaint, Trinh claimed that the DOE, "breaking Gov policy, authorized someone to change my business name and take over its accreditation without my authorization or consent."  Dkt. #2 at 3.  The DOE answered the complaint and then filed a motion for summary judgment, noting that the DOE's only involvement with Trinh's former beauty school was to provide student aid under Title IV.  The DOE noted that it did not, and has no authority to, change a business name or accredit an institution.  The District Court granted DOE's motion for summary judgment.[1]

We have jurisdiction under 28 U.S.C. § 1291.  We exercise a plenary standard of review and apply the same standard as the District Court to determine whether summary judgment was appropriate.  See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009).  A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

---

[1] Trinh mistakenly states in her brief here that the District Court dismissed her complaint for lack of jurisdiction—in actuality, the Court determined that Trinh's complaint did not articulate a cognizable claim against the DOE.

We discern no error in the District Court's decision to grant the DOE summary judgment. Trinh's filings did not establish that the DOE had any involvement whatsoever in the wrongs that she alleged in her complaint.[2]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2] In her response to the DOE's answer to her complaint, Trinh appeared to allege that the DOE mishandled LT Beauty's debt to DOE, claiming that it should have satisfied the debt with funds from her sister's new school. Dkt. #9. The District Court determined that "LT Beauty neglected its financial obligations to DOE under Title IV, that DOE properly drew down on LT Beauty's letter of credit to satisfy those obligations, and that DOE has had no interaction with KAT." Dkt. #20. Trinh does not raise this claim in her brief here, but in any event, we discern no error in the District Court's grant of summary judgment on the claim.